TMC TRANSPORTATION, INC.,
Appellant–Plaintiff,

v.

Kazimierz MASLANKA, Andrzej Jastrzebski, Brian K. Holt, Alvin Lewis, Young Moving & Storage, John Lineks d/b/a Lineks Trucking Company, and ATC Corp., Appellees–Defendants.

No. 46A03–0004–CV–154.

Court of Appeals of Indiana.

March 26, 2001.

---

## OPINION

NAJAM, Judge

### STATEMENT OF THE CASE

TMC Transportation, Inc. ("TMC") appeals from the involuntary dismissal of its subrogation and property damage claims against Kazimierz Maslanka ("Maslanka"), Andrzej Jastrzebski ("Jastrzebski"), Brian K. Holt ("Holt"), Alvin Lewis ("Lewis"), Young Moving & Storage ("Young"), and John Lineks d/b/a Lineks Trucking Company, ("Lineks").[1] TMC presents a single dispositive issue for our review which we restate as whether the trial court erred when it dismissed TMC's subrogation and property damage claims.[2]

We affirm.

### FACTS AND PROCEDURAL HISTORY

On December 8, 1995 at approximately 3:30 p.m., Carl T. Britt ("Britt"), an employee of TMC, was operating a semi-truck in the far right lane of westbound Interstate 94 near Michigan City. Lewis, an employee of Young, was operating a semi-truck in the middle lane of westbound I–94, to the immediate left of Britt. Maslanka was operating a semi-truck, owned by Lineks and leased by Jastrzebski, in the far left lane of westbound I–94, to the immediate left of Lewis. Holt was traveling in the middle lane directly in front of Lewis. It had been snowing that day, and the pavement was slippery. Maslanka was entering the middle lane, in front of Lewis and behind Holt, when Holt applied the brakes on his vehicle. Maslanka had not completed his lane change when his trailer side-swiped Lewis' truck, which, in turn, collided with Britt's truck, causing Britt's truck to spin out of control and "jackknife." Britt sustained personal injuries as a result of the collision, and TMC sus-

F. Amin Istrabadi, Boesch & Istrabadi, Valparaiso, IN, Attorney for Appellant.

Mary Kay Thanos, Crown Point, IN, Michael J. Rappa, Steven A. Johnson & Associates, Merrillville, IN, William G. Lavery, Ian J. Forte, Whisler & Lavery, Elkhart, IN, Attorneys for Appellees.

1. TMC also sued ATC Corp. but does not appeal the dismissal of that claim.

2. TMC also contends the trial court abused its discretion when it excluded evidence of its damages. We need not address that issue, however, because the liability issues are dispositive of this appeal.

tained extensive property damage to its truck.

On November 12, 1996, Britt and his wife filed a personal injury claim against Maslanka, Jastrzebski, Lewis, and Young. TMC filed a separate complaint against Maslanka, Jastrzebski, Holt, Lewis, Young, Lineks, and ATC Corp. The two causes were consolidated on November 6, 1997. Thereafter, Maslanka, Jastrzebski, and Lineks filed a cross-complaint against Lewis, Young, and Holt, and a counter-complaint against TMC and the Britts. Following mediation, all of the parties' claims were settled except for TMC's claims. Accordingly, on September 17, 1999, the trial court dismissed all claims other than TMC's claims against Maslanka, Jastrzebski, Holt, Lewis, Young, Lineks, and ATC Corp.

On March 15, 2000, a bench trial was held. At the conclusion of TMC's presentation of evidence, each defendant moved for the involuntary dismissal of TMC's lawsuit. The trial court granted those motions and entered its judgment, including findings and conclusions, on April 4, 2000. TMC now appeals.

## DISCUSSION AND DECISION

TMC contends the trial court erred when it dismissed its claims against Maslanka, Jastrzebski, Holt, Lewis, Young, and Lineks. Indiana Trial Rule 41(B) provides in relevant part:

> After the plaintiff or party with the burden of proof upon an issue, in an action tried by the court without a jury, has completed the presentation of his evidence thereon, the opposing party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the weight of the evidence and the law there has been shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence.

Pursuant to Rule 41(B), then, a trial court may weigh the evidence, determine the credibility of witnesses, and decide whether the party with the burden of proof has established a right to relief during the case-in-chief. *Plesha v. Edmonds ex rel. Edmonds,* 717 N.E.2d 981, 985 (Ind.Ct. App.1999), *trans. denied; Kimbrell v. City of Lafayette,* 454 N.E.2d 73, 74 (Ind.Ct. App.1983). On review, this court will not replace the trial court's judgment with its own unless clearly erroneous. *Kimbrell,* 454 N.E.2d at 74.

Historically, there has been some confusion regarding our standard of review on an appeal from an involuntary dismissal under Rule 41(B). *See* WILLIAM F. HARVEY, 3 INDIANA PRACTICE RULES OF PROCEDURE ANNOTATED § 41.6 (2nd ed.1988). Our supreme court amended the rule in 1982 in an effort to clarify that Rule 41(B) permits a trial court to weigh the evidence and determine whether the party with the burden of proof on an issue has carried that burden. *See id.* (noting "[t]he origin of the 1982 amendment is found in several decisions which had serious error in them."). Nonetheless, the confusion has persisted and two different standards of review have been applied since 1982. In *Sanders v. Carson,* 645 N.E.2d 1141, 1143 (Ind.Ct.App.1995), for instance, another panel of this court stated, "Where a trial court involuntarily dismisses an action after presentation of a plaintiff's case, we consider only evidence most favorable to the plaintiff and determine whether there was substantial evidence of probative value to establish the material elements of the plaintiff's complaint." That standard of review is inappropriate given the trial court's ability to weigh the evidence. Instead, we must determine whether the court's judgment is clearly erroneous.

Additionally, TMC is appealing from a decision in which the trial court entered special findings of fact and conclusions pursuant to Maslanka's request. *See* Ind. Trial Rule 52(A). Thus, we must first determine whether the evidence supports the findings and second, whether the find-

ings support the judgment. *Williamson v. Williamson*, 714 N.E.2d 1270, 1273 (Ind. Ct.App.1999), *trans. denied.* We will not set aside the findings or the judgment unless they are clearly erroneous. *Id.* The trial court's findings of fact are clearly erroneous if the record lacks any evidence or reasonable inferences to support them. *Id.* A judgment is clearly erroneous when it is unsupported by the findings of fact and the conclusions relying on those findings. *Id.* We may also affirm the trial court's judgment on any legal theory supported by the findings. *In re Paternity of Winkler*, 725 N.E.2d 124, 126 (Ind.Ct.App. 2000) (citing *Mitchell v. Mitchell*, 695 N.E.2d 920, 923 (Ind.1998)).

■ TMC contends that it presented sufficient evidence to prove that each defendant was negligent and proximately caused TMC's damages. Specifically, TMC maintains that Holt, Lewis, and Maslanka each violated motor vehicle safety statutes and are, therefore, prima facie guilty of negligence. *See Jones v. Gleim*, 468 N.E.2d 205, 207 (Ind.1984). TMC argues that Young, Jastrzebski, and Lineks are liable pursuant to the doctrine of respondeat superior.[3] However, TMC ignores the fact that Trial Rule 41(E) allows the trial court to weigh the evidence and judge the credibility of witnesses. On appeal, TMC must do more than show that it established prima facie negligence against each defendant. As we have noted, we will not set aside the findings or the judgment unless they are clearly erroneous. *Williamson*, 714 N.E.2d at 1273. Essentially, TMC asks that we reweigh the evidence, a task not within our prerogative on appeal. We address TMC's contentions regarding each defendant's liability in turn.

### A. Holt

■ TMC argues Holt was driving too fast for the road conditions, in violation of Indiana Code Section 9–21–5–1,[4] and that Holt caused the chain of collisions when he applied his brakes. The trial court found, however, that there was no evidence showing that Holt was involved in the chain of collisions, and the court concluded that even if Holt had been involved, TMC failed to establish that Holt breached a duty of reasonable care to TMC or caused TMC's damages.

We need not address whether TMC adequately established that Holt was involved in the chain of collisions because the record supports the trial court's findings and conclusions regarding Holt's lack of liability. The only evidence to support TMC's contention that Holt was negligent is Lewis' testimony that Holt applied his brakes and that "Maybe [Holt] was going just a wee bit faster than [he] should have been[.]" Record at 1885. As trier of fact, the trial court was entitled to weigh that evidence in determining whether Holt was negligent. We conclude that the trial court's findings and conclusions on this issue are supported by the evidence and are not, therefore, clearly erroneous.

### B. Lewis, Young, Maslanka, Jastrzebski, and Lineks

■ Next, TMC contends that Lewis and Maslanka were also driving too fast for the road conditions, in violation of Indiana Code Section 9–21–5–1, and that Lewis and Maslanka left their respective lanes of travel when it was unsafe to do so, in violation of Indiana Code Sections 9–21–8–11 [5] and –24.[6] The trial court concluded

3. The existence of a master-servant or agency relationship gives rise to the application of respondeat superior, which is a tort theory of vicarious liability. *See Green v. Perry*, 549 N.E.2d 385, 387 (Ind.Ct.App.1990), *trans. denied.* Here, Lewis is Young's employee and Maslanka is allegedly an agent of Jastrzebski and Lineks.

4. That statute provides in relevant part that a motorist shall not operate his vehicle "at a speed greater than is reasonable and prudent under the conditions[.]" Ind.Code § 9–21–5–1.

5. That statute provides in relevant part that "[a] vehicle shall be driven as nearly as practicable entirely within a single lane and may not be moved from the lane until the person who drives the vehicle has first ascertained that the movement can be made with safety." Ind.Code § 9–21–8–11.

6. That statute provides in relevant part that a motorist shall not change lanes "unless the

that "[u]pon the weight of the evidence and law [TMC] has failed to establish that [Lewis and Maslanka] ... breached [their] duty of reasonable care or that ... [Lewis and Maslanka's conduct] was the proximate cause of the collision or any damages sustained by [TMC]." Record at 1888. The record supports this conclusion.

With respect to evidence of Lewis' conduct, TMC presented only Britt's testimony. Britt admitted that Lewis was not driving erratically "in any manner" prior to the collision. Record at 1549. While Britt testified that Lewis was driving faster than Britt in attempting to pass his truck, TMC presented no evidence that Lewis was driving too fast under the circumstances or would not have been able to safely pass Britt's truck had Maslanka's· truck not collided with Lewis' truck.

 The only evidence of Maslanka's conduct prior to the chain of collisions was Lewis' testimony, which the trial court accorded "[l]ittle evidentiary weight[.]" Record at 1885. The trial court found that Lewis' testimony:

> consists of ultimate conclusions and legal opinions without adequate factual underpinnings to provide significant probative force to that testimony; there was no testimony of Lewis in the evidentiary record to indicate that Lewis had an opinion of the speed Maslanka was traveling, nor did Lewis testify as to the "conditions of the road" and the effect thereof on the ability to maintain control of a vehicle at a speed appropriate to those conditions[.]

Record at 1885. Indeed, Lewis testified that Maslanka was "negligent," which is an inadmissible legal conclusion. *See Rosenbalm v. Winski*, 165 Ind.App. 378, 332 N.E.2d 249, 254 (1975). And while Lewis testified that Maslanka was driving "too fast for the conditions of the road[,]" Lewis did not state Maslanka's speed. Record at 1619. Finally, Lewis did not testify concerning the conditions of the road. The trial court was entitled to accord Lewis'

movement can be made with reasonable safe-

testimony "little evidentiary weight[.]" Record at 1885. The court's findings and conclusions on the issues of Lewis' and Maslanka's liability are supported by the record and are not, therefore, clearly erroneous. Accordingly, the trial court's dismissal of TMC's claims against Young, Lineks, and Jastrzebski, all of which were based on the doctrine of respondeat superior, was likewise not clearly erroneous.

Affirmed.

KIRSCH, J., and VAIDIK, J., concur.