ALLEN WILLIAMS *v.* STATE OF INDIANA.

[No. 3-773A86. Filed June 4, 1974.]

*Robert S. Bechert,* Deputy Public Defender, of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Glenn A. Grampp,* Deputy Attorney General, for appellee.

HOFFMAN, C.J.—Defendant-appellant Allen Williams was charged by affidavit with the felony of interfering with a police officer. He pleaded not guilty and was thereafter tried without the intervention of a jury. Upon a finding of guilty, appellant was committed to the custody of the Department of Corrections, Reception and Diagnostic Center, for a period of not less than one nor more than five years. Appellant's motion to correct errors was subsequently overruled by the trial court and this appeal followed.

The evidence most favorable to the State discloses that during the early morning hours of March 18, 1972, Officers Larry Anspach and Richard Witte of the Fort Wayne Police Department were dispatched to the T & T Tavern, an establishment located in Fort Wayne, Indiana. The dispatch indicated that there was "a party armed and subject fight" at the location in question. Upon entering the tavern, the officers,

who were both wearing police uniforms, observed the appellant and another individual arguing with the bartender, a Mr. Alonzo Moore. Officer Anspach testified that he made an inquiry of Mr. Moore as to the nature of the problem and that Moore replied that he wanted appellant and the other subject arrested for assault and battery. Officer Anspach instructed Moore that he would have to inform the individuals himself that they were under arrest for the offense. When Moore complied, the officer also informed the subjects that they were under arerst and that they would have to be removed to the police station. Officer Anspach further testified that appellant-Williams thereupon stated that "he wasn't going and that I wasn't going to take him." The officer again apprised Williams of the fact that "he was going to have to go." When both officers attempted to restrain Williams by his arms, appellant jerked free. Officer Anspach again made an attempt to restrain Williams and was able to place appellant in a headlock. During the officer's ensuing effort to guide Williams to the front door, two individuals jumped on him and demanded that appellant be set free. In the midst of the struggle which followed, someone shouted, "he has a gun." Upon releasing Williams, the officer observed that Williams was confronting him with a pistol which was subsequently found to be the officer's own. While Officer Anspach was attempting to retreat, Williams shouted several times that he was going to kill him and fired two shots in the officer's direction. The appellant was thereafter subdued by other persons on the premises and persuaded to place the weapon on a table.

On appeal, appellant argues that the citizen's arrest made by Alonzo Moore was void *ab initio* for the reason that a private citizen does not have the authority to arrest an individual for a misdemeanor committed in his presence. It is further contended, alternatively, that if Alonzo Moore did have the authority to make such an arrest and detain Williams, he did not implement this authority and did not, in fact, place Williams under citizen's arrest. Appellant finally

asserts that it was unlawful for the police officers to arrest him for a misdemeanor that was not committed in their presence.

Appellant was convicted under IC 1971, 35-21-4-2, Ind. Ann. Stat. § 10-1005(a) (Burns Supp. 1973), which provides as follows:

"Drawing weapon or committing injury upon officer or person assisting him.—Whoever shall draw, use or attempt to use a firearm, deadly or dangerous weapon, or commit a bodily injury upon any peace or police officer of this state, or upon any person assisting such peace or police officer knowing him to be such officer or person assisting such peace or police officer, while assaulting, resisting, opposing, obstructing, preventing, impeding or interfering with any peace or police officer, when such officer is arresting or attempting to arrest any person, or while such officer is engaged in the execution of any of the duties of such officer, shall be deemed guilty of a felony, and, upon conviction thereof, shall be imprisoned for a period of not less than one [1] year nor more than five [5] years, or fined not to exceed one thousand dollars [$1000] or both."

Appellant's arguments with regard to the validity of the citizen's arrest by Alonzo Moore bear no relevance to the offense for which appellant was convicted and cannot in any manner be considered as dispositive of the case at bar. Appellant's conviction for violation of § 10-1005(a), *supra,* does not rest upon proof of events which preceded the altercation between appellant and Officer Anspach. Indeed, if it were to be assumed that appellant's contentions are correct, such fact would not require reversal of the conviction.

In the case at bar, the evidence reveals that appellant used, or attempted to use, a firearm upon a police officer of this State. By reason of the fact that both officers were in uniform, it must be inferred that appellant possessed the requisite knowledge of the fact that both were police officers. Further, appellant used the firearm while resisting the officer's efforts to take him into custody and the officers were, at the time, engaged in the execution of their duties. Accordingly,

the evidence must be deemed sufficient to support appellant's conviction.

In making this determination, we recognize the common-law right of an individual to resist an unlawful arrest. *Heichelbech* v. *State* (1972), 258 Ind. 334, 281 N.E. 2d 102. See: Anno. 44 A.L.R. 3d 1078; 5 Am. Jur. 2d, *Arrest,* § 94, at 778. Assuming that the arrest of Williams in the instant case was illegal, he was not, however, justified in his use of a deadly weapon in order to effect an escape. See: *Walters* v. *State* (Okl. Cr. 1965), 403 P. 2d 267. While the amount and nature of permissbile resistance varies from case to case and must be judged in light of the necessities of a particular situation, it is generally recognized that a degree of force may not be employed which is disproportionate to that which is used to take the arrestee into custody. See: *Jones* v. *State* (1968), 4 Md. App. 616, 244 A. 2d 459. Here, there is no evidence that the officers utilized any means of force other than physical restraint in order to place Williams in custody. Appropriate resistance under such circumstances does not include appellant's discharge of the pistol twice at the officer.

Moreover, recent cases have held that a private citizen may not use force in resisting a peaceful arrest by an individual who he knows, or has reason to know, is a police officer performing his duties regardless of whether the arrest in question is lawful or unlawful. See: *State* v. *Mulvihill* (1970), 57 N.J. 151, 270 A. 2d 277, 44 A.L.R. 3d 1071; *Miller* v. *State* (Alaska 1969), 462 P. 2d 421; Anno. 44 A.L.R. 3d, at 1087.

Finding no reversible error in the record before us, the judgment of conviction appealed from is affirmed.

Affirmed.

Garrard and Lowdermilk, JJ., concur.

NOTE.—Reported at 311 N.E.2d 619.