**STATE of Indiana, Appellant–Plaintiff,**

v.

**David R. DEROSSETT, Appellee–Defendant.**

No. 73A01–9902–CR–58.

Court of Appeals of Indiana.

June 29, 1999.

Jeffrey A. Modisett, Attorney General of Indiana, J.T. Whitehead, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellant.

Robert W. Loser, Steers Sullivan, P.C., Indianapolis, Indiana, Attorney for Appellee.

## OPINION

DARDEN, Judge

### STATEMENT OF THE CASE

The State of Indiana appeals upon a reserved question of law pursuant to Ind.Code § 35–38–4–2 in the acquittal of David Derossett on the charge of operating a truck-tractor-semitrailer unit in violation of Ind. Code § 9–20–13–2(a)(1).

### ISSUE

Whether the 53 foot length limitation in I.C. § 9–20–13–2(a)(1) applies to only the semitrailer unit or both the semitrailer unit and its load.

### FACTS

The facts are undisputed. On June 12, 1998, David Derossett, a driver for R. Norris Co, Inc., operated a truck-tractor-semitrailer combination on Interstate 74 in Shelby County. The 48 foot long semitrailer unit carried a 60 foot I-beam. An Indiana State Police officer stopped Derossett and ticketed him pursuant to Ind.Code § 9–20–3–1 for driving an "oversize[d] semitrailer/load." (R. 9). At Derossett's bench trial, the court granted the State's motion to amend the charge to a violation of I.C. § 9–20–13–2(a)(1) which provides that the "maximum length of a semitrailer unit operating in a truck-tractor-semitrailer combination is fifty three (53) feet."

The State argued that the 53 feet includes both the semitrailer and its load. Therefore, according to the State, even though Derossett's semitrailer was only 48 feet long, the 60 foot load violated the statute. Derossett responded that the 53 feet applies to only the semitrailer unit and that he did not violate the statute. The trial court agreed with Derossett, concluded that "I.C. 9–20–13–2[a](1) referring to the maximum length of a semitrailer unit does not include the load of that trailer unit in the fifty-three (3) feet length restriction … [and] adjudged [him] not guilty." (R. 7–8). The State now appeals a reserved question of law as to whether the 53 foot length limitation in I.C. § 9–20–13–2(a)(1) applies only to the semitrailer unit or both the semitrailer unit and its load.

### DECISION

■ When a defendant has been acquitted, and the State appeals a reserved question of law pursuant to I.C. § 35–38–4–2, only questions of law are considered by this court. *State v. Goodrich,* 504 N.E.2d 1023, 1024 (Ind.1987). Although these questions are sometimes moot, Indiana appellate courts have frequently permitted such appeals in deference to the statute enacted by the General Assembly as a way to furnish guidance to trial courts in future cases. *Id.*

■ The interpretation of a statute is a question of law which is reserved for the courts. *Chavis v. Patton,* 683 N.E.2d 253, 257 (Ind.Ct.App.1997). Where, as here, a statute has not previously been construed, the interpretation is controlled by the express language of the statute and the rules of statutory construction. *Id.* When the legislature has defined a word, this court is bound by that definition in construing the statute. *Tucker v. State,* 646 N.E.2d 972, 975 (Ind.Ct. App.1995). We may not read into the statute that which is not the expressed intent of the legislature. *Blackmon v. Duckworth,* 675 N.E.2d 349, 352 (Ind.Ct.App.1996).

■ In addition, statutes relating to the same subject matter should be construed together in order to produce a harmonious statutory scheme. *State v. Eilers,* 697 N.E.2d 969, 970 (Ind.Ct.App.1998). "A statute should not be viewed as if the reader is peering at it through a keyhole. It must be read with its companions." *Jones v. State,* 569 N.E.2d 975, 978 (Ind.Ct.App.1991).

■ I.C. § 9–20–13–2(a)(1) provides that the "maximum length of a semitrailer unit operating in a truck-tractor-semitrailer combination is fifty-three feet." Ind.Code § 9–13–2–164 defines semitrailer in pertinent part as a "vehicle without motive power, designed for carrying property and for being

drawn by a motor vehicle, and so constructed that some part of the weight of the semitrailer and that of the semitrailer's load rests upon or is carried by another vehicle." Neither statute mentions the semitrailer's load as a consideration in determining the length of the semitrailer. In addition, Ind.Code § 9–20–13–2(a)(3) provides that a "maximum overall length limit is not imposed on a truck-tractor-semitrailer ... combination." If there is no overall length limit on a truck-tractor-semitrailer, the foot length limitation in I.C. § 9–20–13–2(a)(1) could only apply to the semitrailer itself.

Further, it is a well-recognized rule of statutory construction that, where a restriction is not general but is provided in a specific instance, application of the specific instance will not be carried into other statements which do not provide such limitations. *Indiana Family and Social Services Administration v. Methodist Hospital,* 669 N.E.2d 186, 190 (Ind.Ct.App.1996) and cases cited therein.

Here, as the trial court correctly pointed out, numerous statutory provisions specifically reference load in weight, length, height and width limitations. *See* Ind.Code § 9–20–3–1 (maximum limitations on width, length and height of vehicles in chapter 3 apply to both vehicle and load); Ind.Code § 9–20–4–1 (maximum weight restrictions include load); Ind.Code § 9–20–5–2 (restrictions on heavy duty highways include load). However, the legislature did not include a reference to load in the length limitation found in I.C. § 9–20–13–2(a)(1). We will not apply the length restriction in I.C. § 9–20–13–2(a)(1) to the load when the statute itself does not provide such a limitation. *See Methodist.*

### CONCLUSION

The 53 foot length limitation in I.C. § 9–20–13–2(a)(1) applies to only the semitrailer unit, not to both the unit and its load.

We affirm the trial court's judgment.

SHARPNACK, C.J., and ROBB, J., concur.