**James LESHORE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 02S03–0101–CR–69.**

Supreme Court of Indiana.

Sept. 13, 2001.

P. Stephen Miller, Fort Wayne, IN, Attorney for Appellant.

Karen M. Freeman–Wilson Attorney General of Indiana, Joseph A. Samreta, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellees.

### ON PETITION TO TRANSFER

RUCKER, Justice.

■ We grant the State's petition to transfer and hold that where a police officer places a person in handcuffs pursuant to a Writ of Body Attachment, the person is "lawfully detained" within the meaning of the escape statute even though the Writ later proves to be defective.

### Facts

On March 17, 1999, police officer Michael Bennington went to the Fort Wayne home of James Leshore to execute a Writ of Body Attachment. Leshore had not paid child support and was being cited for contempt of court. The Writ directed Officer Bennington to "attach and keep [Leshore] until you bring [him] before the Judge to answer a charge of contempt in not obeying the order of [the Allen Superior Court]." R. at 69. Officer Bennington entered Leshore's home, placed Leshore in handcuffs, and detained him. Slipping free of the cuffs, Leshore fled the scene. He was apprehended minutes later.

Leshore was charged with escape and following a bench trial was convicted as charged. The trial court sentenced him to four years imprisonment, ordered the sentence suspended, and placed Leshore on probation for two years. In a two to one decision, the Court of Appeals reversed the trial court finding the evidence was insufficient to support the conviction. *Leshore v. State*, 739 N.E.2d 1075, 1079 (Ind. Ct.App.2000). Observing that escape requires a person to flee from lawful detention, the Court of Appeals majority determined that Leshore was never lawfully detained because the Writ of Body Attachment was invalid on its face. *Id.* More specifically, the Court of Appeals pointed out that the statute concerning the issu-

ance of a Writ of Body Attachment requires the trial court to "fix an amount of [ ] escrow, if the order that the person has allegedly violated concerns a child support obligation[;]" or "fix an amount of [ ] bail, if the order the person has allegedly violated does not concern a child support obligation[.]" *Id.* at 1077; Ind.Code § 34–47–4-2(b)(2). In this case, the form order for the Writ shows the trial court neither fixed an amount for escrow nor bail but specifically called for "No Bond." R. at 68. The Court of Appeals reversed Leshore's escape conviction "because there was never a lawful detention for Leshore to intentionally flee from." *Leshore*, 739 N.E.2d at 1079. We grant transfer and affirm the trial court.

### Discussion

 We first observe because the Writ did not include an amount for bail or escrow it was defective. However, we disagree with the Court of Appeals that the defect rendered the Writ invalid on its face. Facial invalidity is not determined by comparing the statute concerning Writs of Body Attachment with the Writ ultimately issued. Rather, invalidity is dependent upon the circumstances of the particular case. The question is whether an examination of the four corners of the document reveals that it is invalid. *See, e.g., Stine v. Shuttle*, 134 Ind.App. 67, 186 N.E.2d 168, 172 (1962) (observing the general rule that an officer executing process or a warrant "is not required to look beyond the process or warrant or determine the validity or regularity of the proceedings on which it is founded, or to exercise his judgment touching its validity in a point of law . . . ."); *see also United States v. Leon*, 468 U.S. 897, 923, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) (commenting that by failing to particularize the place to be searched and the things to be seized, a search warrant may be so facially defective that "executing officers cannot reasonably

presume it to be valid."). In this case, one who looked at the Writ would not necessarily suspect that it was invalid. The Writ contained the name of the defendant/respondent: James Leshore; set forth his address; identified the document as a Writ of Body Attachment for a person who was in contempt of court; ordered law enforcement to attach and keep Leshore; and bore the signature of the issuing judge. R. at 68. In essence, the Writ was regular on its face, appeared to be valid, and gave no indication that anything more needed to be done other than to execute it. Only if Officer Bennington knew or had reason to know that the applicable statute required the posting of an amount for escrow or bail would he have been alerted that something was amiss. However, there is no such evidence of record.

In any event, although not facially invalid, the Writ was defective as a matter of law. However, that fact alone is not dispositive of whether Leshore was lawfully detained. Citing Indiana Code sections 35–41–1–18(a)(1) and (10) (Supp.2000), which defines lawful detention as "arrest [ ] or [ ] any other detention for law enforcement purposes," Judge Barnes writing in dissent concluded that Officer Bennington was engaged in a law enforcement activity, and thus Leshore was lawfully detained. *Leshore*, 739 N.E.2d at 1079. We agree with Judge Barnes. Officer Bennington testified that he was assigned to the Warrants Division of the Allen County Sheriff's Department and had the duty to "go out and locate individuals that are hiding or disobeying the Court, not honoring warrants or personal appearances that they should make before the Court and bring them into custody." R. at 45. Leshore has neither demonstrated nor argued why the officer's account of his activity does not qualify as law enforcement activity. Rather, Leshore insists

"[t]o allow law enforcement to detain and place into custody any individual for a civil matter under circumstances in which the detainee may be held without any provision for his or her release, would seem to be a flagrant violation of every citizens' constitutional rights." Br. in Opp'n to Transfer at 1.

 Leshore's argument is misplaced. A person seized through the issuance of a defective Writ of Body Attachment may have a civil rights claim or a cause of action in tort against those responsible for its issuance, *see, e.g., Delk v. Bd. Of Comm'rs of Delaware County*, 503 N.E.2d 436 (Ind.Ct.App.1987) (complaint for false imprisonment and a claim under 42 U.S.C. § 1983 where person seized pursuant to a Writ of Body Attachment was not the person named in the document); however, the fact the Writ is defective does not control whether an officer is engaged in law enforcement activity at the time the Writ is served. Indeed, a law enforcement officer has no choice but to carry out an order of a judge when the judge is acting in a judicial capacity in a matter over which the judge has jurisdiction. *See Grant County Comm'rs v. Cotton*, 677 N.E.2d 1103, 1105 (Ind.Ct.App.1997) (finding sheriff entitled to judicial immunity for detaining a person for an extended period of time as a result of a judge's order), *trans. denied; see also* I.C. § 34-47-4-2(c)-(d) (dictating that a sheriff who receives a body attachment order "shall immediately: (1) serve the writ; and (2) take the person into custody" and "immediately ... take the person before the court that issued the writ."). In this case, when placing the handcuffs on Leshore, Officer Bennington was acting in the course of his employment as a law enforcement officer pursuant to an order by a trial court that was valid on its face. The officer was obligated to discharge his duty. Further, absent exceptions not applicable here, just as a citizen may not resist arrest by a police officer even if the arrest later proves to be unlawful, *Casselman v. State*, 472 N.E.2d 1310, 1315 (Ind. Ct.App.1985); *City of Indianapolis v. Ervin*, 405 N.E.2d 55, 63 (Ind.Ct.App.1980); *Williams v. State*, 160 Ind.App. 294, 311 N.E.2d 619, 621 (1974), a citizen may not escape from a police officer's detention even if the grounds upon which the detention is based are later determined to be defective.

## Conclusion

The evidence was sufficient to sustain Leshore's conviction. We therefore affirm the judgment of the trial court.

SHEPARD, C.J., and DICKSON, SULLIVAN and BOEHM, JJ., concur.