**Jesse GRABARCZYK, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 07A01–0108–CR–290.**

Court of Appeals of Indiana.

July 10, 2002.

David J. Colman, Elizabeth Ann Cure, Bloomington, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Arthur Thaddeus Perry, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

SHARPNACK, Judge.

Jesse Grabarczyk appeals his conviction for escape as a class D felony.[1] Grabarczyk raises two issues, which we restate as follows:

1.  Ind.Code § 35–44–3–5(b).

I. Whether the evidence is sufficient to sustain Grabarczyk's conviction for escape; and

II. Whether Grabarczyk's conviction for escape violates the prohibition against double jeopardy.

We affirm.

The facts most favorable to the conviction follow.[2] While awaiting trial on other charges, Grabarczyk filed a motion for reduction of his bond. On November 6, 1998, the trial court ordered that Grabarczyk's "bond [be] reduced to $50,000.00 surety and conditioned upon [Grabarczyk] being on home detention with work release." Appellant's Appendix at 2. The terms of the home detention were set forth in a separate order. Grabarczyk began his home detention with work release under the supervision of the Brown County Community Corrections Program. However, in June of 1999, Grabarczyk's monitoring equipment indicated that he did not return home from work and Community Corrections was unable to locate him. The trial court issued a warrant for Grabarczyk's arrest. Grabarczyk was arrested in Kentucky on May 31, 2000 and was returned to Brown County.

The State charged Grabarczyk with escape as a class D felony. Following a bench trial, Grabarczyk was convicted as charged. The trial court sentenced him to three years in the Department of Correction.

I.

■ The first issue is whether the evidence is sufficient to sustain Grabarczyk's conviction for escape. Our standard of review for sufficiency claims is well settled. We do not reweigh evidence or assess the credibility of witnesses. *Marcum v. State*, 725 N.E.2d 852, 863 (Ind. 2000), *reh'g denied.* Rather, we look to the evidence and reasonable inferences drawn therefrom that support the verdict and will affirm the conviction if there is probative evidence from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *Id.*

■ Grabarczyk argues that he could not be convicted of escape because he was not subject to a lawful detention. Specifically, Grabarczyk contends that his detention was not lawful because: (1) the trial court did not have statutory authority to place him in the community corrections program prior to conviction; and (2) the order placing Grabarczyk on home detention was "flawed on its face" because it applied to offenders on house arrest during probation. Appellant's Brief at 5.

■ Grabarczyk's argument calls upon us to interpret the escape statute, Ind.Code § 35-44-3-5. The interpretation of a statute is a question of law which is reserved for the courts. *State v. Derossett*, 714 N.E.2d 205, 206 (Ind.Ct.App. 1999). Where a statute has not previously been construed, the interpretation is controlled by the express language of the statute and the rules of statutory construction. *Id.* When the legislature has defined a word, this court is bound by that definition in construing the statute. *Id.* We may not read into the statute that which is not the expressed intent of the legislature. *Id.*

Grabarczyk was convicted of escape under Ind.Code § 35-44-3-5, which provides as follows:

a) A person, except as provided in subsection (b), who intentionally flees from lawful detention commits es-

---

**2.** We direct Grabarczyk's attention to Ind. Appellate Rule 46(A)(10), which requires an appellant's brief to "include any written opinion, memorandum of decision or findings of fact and conclusions thereon relating to the issues raised on appeal."

cape, a Class C felony. However, the offense is a Class B felony if, while committing it, the person draws or uses a deadly weapon or inflicts bodily injury on another person.

b) A person who knowingly or intentionally violates a home detention order or intentionally removes an electronic monitoring device commits escape, a Class D felony.

c) A person who knowingly or intentionally fails to return to lawful detention following temporary leave granted for a specified purpose or limited period commits failure to return to lawful detention, a Class D felony. However, the offense is a Class C felony if, while committing it, the person draws or uses a deadly weapon or inflicts bodily injury on another person.

Grabarczyk was convicted under subsection (b) of the above statute. Both subsection (a) and subsection (c) require a "lawful detention."[3] Ind.Code § 35–44–3–5. However, subsection (b) does not require a lawful detention. *Id.* Rather, subsection (b) requires only the violation of a home detention order or removal of an electronic monitoring device. *Id.*

Moreover, even if lawful detention were an element of the offense, Grabarczyk's arguments would fail. Grabarczyk's argument that the order placing him on home detention was "flawed on its face" because it applied to offenders on house arrest during probation is misplaced. Appellant's Brief at 5. The trial court issued two orders regarding Grabarczyk's home detention. The first order is entitled "Order on Motion for Reduction of Bond" and provides: "Bond is reduced to $50,000.00 surety and conditioned upon the defendant being on home detention with work release. The terms of home detention are set forth in the separate order filed herewith." Appellant's Appendix at 2. The "separate order filed herewith" is entitled "Order on House Arrest" and lists the conditions of house arrest for a defendant on probation. *Id.* at 3–4. While the Order on House Arrest was not tailored to Grabarczyk's pretrial home detention, the Order on Motion for Reduction of Bond clearly placed Grabarczyk on home detention. Thus, regardless of the inapplicable language in the Order on House Arrest, Grabarczyk was ordered to submit to home detention as a condition of his bond.

Finally, contrary to Grabarczyk's contention, the trial court had statutory authority to place Grabarczyk on pretrial home detention in the community corrections program. The use of pretrial home detention has been discussed by both our

---

**3.** Ind.Code § 35–41–1–18 provides:

(a) "Lawful detention" means:

(1) arrest;

(2) custody following surrender in lieu of arrest;

(3) detention in a penal facility;

(4) detention in a facility for custody of persons alleged or found to be delinquent children;

(5) detention under a law authorizing civil commitment in lieu of criminal proceedings or authorizing such detention while criminal proceedings are held in abeyance;

(6) detention for extradition or deportation;

(7) placement in a community corrections program's residential facility;

(8) electronic monitoring;

(9) custody for purposes incident to any of the above including transportation, medical diagnosis or treatment, court appearances, work, or recreation; or

(10) any other detention for law enforcement purposes.

(b) Except as provided in subsection (a)(7) and (a)(8), the term does not include supervision of a person on probation or parole or constraint incidental to release with or without bail.

supreme court and this court. *See, e.g., Purcell v. State,* 721 N.E.2d 220, 224 n. 6 (Ind.1999) (holding that "a trial court is within its discretion to deny a defendant credit toward sentence for pre-trial time served on home detention"), *reh'g denied; Molden v. State,* 750 N.E.2d 448, 451 (Ind. Ct.App.2001), *reh'g denied.*

In support of his contention that community corrections programs cannot be utilized in pretrial home detentions, Grabarczyk relies upon Ind.Code § 35-38-2.6-1, which applies to direct placement in community corrections programs. However, article 38 only applies to criminal "proceedings following a dismissal, verdict, or finding." *See* Ind.Code § 35-38. Grabarczyk was required to submit to pretrial home detention as a condition of his bond. Thus, Ind.Code § 35-38-2.6-1 is inapplicable.

However, Ind.Code § 11-12-1-1 defines a "community corrections program" as:

> a community based program that provides preventive services, services to offenders, *services to persons charged with a crime or an act of delinquency,* services to persons diverted from the criminal or delinquency process, services to persons sentenced to imprisonment, or services to victims of crime or delinquency, and is operated under a community corrections plan of a county and funded at least in part by the state subsidy provided in IC 11-12-2.

(Emphasis added). Further, community corrections programs may include home detention and electronic monitoring programs. Ind.Code § 11-12-1-2.5. Thus, the trial court had statutory authority to place Grabarczyk in a community corrections program on pretrial home detention.

The trial court issued an order conditioning Grabarczyk's bond upon him "being on home detention with work release." Appellant's Appendix at 2. Grabarczyk violated his home detention by fleeing to Kentucky. Thus, sufficient evidence existed to find Grabarczyk guilty beyond a reasonable doubt of escape as a class D felony. *See, e.g., Leshore v. State,* 755 N.E.2d 164, 167 (Ind.2001) (holding that the evidence was sufficient to sustain defendant's conviction for escape even though the Writ of Body Attachment upon which he was arrested was defective).

### II.

■ The next issue is whether Grabarczyk's conviction for escape violates the double jeopardy clauses of the federal and Indiana constitutions. Grabarczyk argues that the same facts were used to support both the revocation of his pretrial release bond and his prosecution for escape. The issue before us, whether principles of double jeopardy preclude the use of the same facts to support both the revocation of bond and a subsequent criminal prosecution, is a pure question of law. *Wilcox v. State,* 748 N.E.2d 906, 909 (Ind.Ct.App. 2001), *trans. denied.* Accordingly, we conduct a de novo review. *Id.*

Both the "United States and Indiana constitutions prohibit a second prosecution for the same offense after an acquittal, a second prosecution for the same offense after a conviction, and multiple punishments for the same offense." *Id.* at 909. Initially, the State notes that Grabarczyk's bond was never formally revoked. Grabarczyk admits that "there was no bond revocation." Appellant's Brief at 7. If Grabarczyk's bond was never revoked, he could not have been subjected to multiple punishments or prosecutions for the same offense.

■ Moreover, even if Grabarczyk's bond had been actually revoked, his double jeopardy argument would fail. We recently addressed this exact issue in *Wilcox.*

*Id.* at 908–914. In *Wilcox,* the defendant was released on bond pending trial on charges of battery and criminal conversion. *Id.* at 908. As a condition of bond, the trial court issued an order that the defendant have limited contact with the victim. *Id.* However, the defendant violated the order and a dispute ensued resulting in charges of battery and invasion of privacy against the defendant. *Id.* Additionally, as a result of her violation of the conditions of bond, the trial court temporarily revoked the defendant's bail. *Id.*

The defendant argued that her prosecution for battery and invasion of privacy violated "the Double Jeopardy clauses of both the federal and Indiana constitutions because she had already been subjected to jeopardy for the same matters during the bond revocation proceedings." *Id.* at 908–909. The trial court rejected the defendant's argument, and we held:

> [W]e conclude that the General Assembly intended bail revocation to constitute a civil sanction, and we have not found the "clearest proof" that the sanction is so punitive in purpose or effect that the sanction is in reality criminal punishment. Thus, Wilcox was not put in constitutional jeopardy as a result of the bail revocation proceedings, and her pending prosecution for the conduct giving rise to the revocation of her bail is not barred by double jeopardy principles.

*Id.* at 913–914.

Likewise, the revocation of Grabarczyk's bond is not so punitive in purpose or effect that the sanction is in reality criminal punishment. *See id.* Thus, the revocation of Grabarczyk's bond due to his violation of the conditions of his home detention and his prosecution for escape do not violate double jeopardy principles. *See, e.g., id.*

For the foregoing reasons, we affirm Grabarczyk's conviction for escape as a class D felony.

Affirmed.

FRIEDLANDER, J., and BROOK, C.J., concur.