RUCKER, Justice,
dissenting.
The majority has made a respectable case supporting the proposition that the common law rule entitling a person to resist an unlawful arrest is outmoded in our modern society. But this proposition is not new. The Court of Appeals reached the same conclusion over three decades ago. “[A] private citizen may not use force in resisting a peaceful arrest by an individual who he knows, or has reason to know, is a police officer performing his duties regardless of whether the arrest in question is lawful or unlawful.” Williams v. State, 160 Ind.App. 294, 311 N.E.2d 619, 621 (1974) (emphasis added). A product of the English common law, the rule permitting resistance to unlawful arrest was based on the premise that everyone should be privileged to use reasonable force to prevent an unlawful invasion of his physical integrity and personal liberty. Fields v. State, 178 Ind.App. 350, 382 N.E.2d 972, 975-76 (1978). And the rule arose during a time when self-help was a more necessary remedy to resist intrusions upon one’s freedom. As the Fields court explained, “[it] was developed largely during a period when most arrests were made by private citizens, when bail for felonies was usually unattainable, and when years might pass before the royal judges arrived for a jail delivery.” Id. at 976 (quoting Sam B. Warner, The Uniform Arrest Act, 28 Va. L.Rev. 315, 315 (1942)). However, “[t]he common law right of forceful resistance to an unlawful arrest tends to promote vio *580 lence and increases the chances of someone getting injured or killed.” Id. at 975. Thus, largely for the reasons the majority explains the considerations underlying the right to resist arrest are no longer applicable for the twenty-first century or, for that matter, the twentieth century.
But the common law rule supporting a citizen’s right to resist unlawful entry into her home rests on a very different ground, namely, the Fourth Amendment to the United States Constitution. Indeed, “the physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed.” Payton v. New York, 445 U.S. 573, 585, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). In my view it is breathtaking that the majority deems it appropriate or even necessary to erode this constitutional protection based on a rationale addressing much different policy considerations. There is simply no reason to abrogate the common law right of a citizen to resist the unlawful police entry into his or her home.
In Miller v. United States, 357 U.S. 301, 313-14, 78 S.Ct. 1190, 2 L.Ed.2d 1332 (1958) the United States Supreme Court held that it was unlawful to arrest the defendant on criminal charges when a war-rantless arrest was conducted by police officers breaking and entering the defendant’s apartment without expressly announcing the purpose of their presence or demanding admission. In recounting the historical perspective for its holding the Court quoted eighteenth century remarks attributed to William Pitt, Earl of Chat-ham, on the occasion of a debate in Parliament:
The poorest man may in his cottage bid defiance to all the forces of the Crown. It may be frail; its roof may shake; the wind may blow through it; the storm may enter; the rain may enter; but the King of England cannot enter — all his force dares not cross the threshold of the ruined tenement!
Id. at 307, 78 S.Ct. 1190. The same is no less true today and applies equally to forces of the State.
At issue in this case is not whether Barnes had the right to resist unlawful police entry into his home — a proposition that the State does not even contest — but rather whether the entry was illegal in the first place, and if so, whether and to what extent Barnes could resist entry without committing a battery upon the officer. Federal Fourth Amendment jurisprudence is equal to the task of resolving these issues.[2] In my view the majority sweeps with far too broad a brush by essentially telling Indiana citizens that government agents may now enter their homes illegally — that is, without the necessity of a warrant, consent, or exigent circumstances. And that their sole remedy is to seek refuge in the civil arena. I disagree and therefore respectfully dissent.
DICKSON, J., concurs.

. Indeed a respectable argument could be made that police response to a report of domestic violence is an exigent circumstance justifying entry into a home without a search warrant.