**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

May 18 2012, 8:22 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

| | |
|---|---|
| MOTIQUE ORR,           ) | |
|           ) | |
| Appellant-Defendant,     ) | |
|           ) | |
| vs.           ) | No. 49A02-1110-CR-954 |
|           ) | |
| STATE OF INDIANA,      ) | |
|           ) | |
| Appellee-Plaintiff.      ) | |

---

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Annie Christ-Garcia, Judge
Cause No. 49F24-1102-CM-11960

---

**May 18, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Motique Orr appeals her convictions for Class A misdemeanor possession of marijuana and Class A misdemeanor dealing marijuana. Orr contends both that her convictions violate double jeopardy and that there is insufficient evidence to support her convictions. We find that Orr's convictions violate double jeopardy under the same evidence test, so we reverse her possession of marijuana conviction. However, we find that the State has sufficiently proved the elements of dealing marijuana, so we affirm that conviction.

**Facts and Procedural History**

On February 20, 2011, Indianapolis Metropolitan Police Department Officer Michael Wright saw Orr driving a vehicle with a cracked windshield and initiated a traffic stop. Officer Wright asked Orr for her license and registration, and after checking Orr's driving status, he learned that Orr's license was suspended. Officer Wright then checked the driving status of the passenger of the vehicle and found that his license was also suspended. Because of the suspended license and the cracked windshield, Officer Wright issued Orr a citation and impounded the vehicle since neither Orr nor her passenger possessed driving privileges.

Before having the vehicle towed, Officer Wright conducted an inventory search. In the center console, along with Orr's other personal belongings, Officer Wright found a set of digital scales and a bag of what he suspected was marijuana. Officer Wright arrested Orr and put her in handcuffs. He advised Orr of her *Miranda* rights, which Orr waived. Tr. p. 57-58. Orr admitted that the scales and the bag of marijuana were hers.

2

Orr also told Officer Jason Rauch, who was also at the scene, that she did not smoke marijuana, she just sold it. *Id.* at 61-62. The bag of marijuana was subjected to laboratory analysis and confirmed to be marijuana weighing 10.08 grams.

The State charged Orr with Class A misdemeanor possession of marijuana and Class A misdemeanor dealing marijuana. A bench trial was held, and Orr was found guilty as charged. The trial court sentenced Orr to 365 days on each conviction to run concurrently, with 321 days of each count suspended to supervised probation.

Orr now appeals.

### Discussion and Decision

Orr makes two arguments on appeal: (1) her convictions for possession of marijuana and dealing marijuana violate the Double Jeopardy Clause of the Indiana Constitution and (2) there is insufficient evidence to support her convictions.

### I. Double Jeopardy

Orr contends that her two convictions violate the Double Jeopardy Clause of the Indiana Constitution. Whether convictions violate double jeopardy is a question of law which we review *de novo*. *Grabarczyk v. State*, 772 N.E.2d 428, 432 (Ind. Ct. App. 2002).

Article 1, Section 14 of the Indiana Constitution provides that "[n]o person shall be put in jeopardy twice for the same offense." Two or more offenses are the "same offense" under Article 1, Section 14 if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense.

3

*Lee v. State*, 892 N.E.2d 1231, 1233 (Ind. 2008). Orr contends that her convictions fail the actual evidence test.

Under the actual evidence test, the evidence presented at trial is examined to determine whether each challenged offense was established by separate and distinct facts. *Id.* at 1234. To show that two challenged offenses constitute the "same offense" in a claim of double jeopardy, a defendant must demonstrate a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense. *Id.* Application of this test requires the court to identify the essential elements of each of the challenged crimes and to evaluate the evidence from the fact-finder's perspective. *Id.*

Possession of marijuana is defined at Indiana Code section 35-48-4-11:

A person who:
    (1) knowingly or intentionally possesses (pure or adulterated) marijuana, hash oil, hashish, salvia, or a synthetic cannabinoid; . . .
commits possession of marijuana . . . a Class A misdemeanor.

Dealing marijuana is defined at Indiana Code section 35-48-4-10(a):

(a) A person who: . . .
    (2) possesses, with intent to: . . .
        (C) deliver; . . .
marijuana, hash oil, hashish, salvia, or a synthetic cannabinoid, pure or adulterated; commits dealing in marijuana, hash oil, hashish, salvia, or a synthetic cannabinoid, a Class A misdemeanor . . . .

The State acknowledges that the same evidence – Orr's possession of 10.08 grams of marijuana – was used to establish Orr's possession of marijuana offense as well as the

4

possession element of her dealing in marijuana offense. Accordingly, the convictions fail the actual evidence test and violate double jeopardy.

We therefore remand this case to the trial court with instructions to vacate Orr's conviction for Class A misdemeanor possession of marijuana.

## II. Sufficiency of the Evidence

Orr also contends that there is insufficient evidence to support both of her convictions, but because we reversed her conviction for possession of marijuana, we only address her conviction for dealing in marijuana. Our standard of review with regard to sufficiency claims is well settled. In reviewing a sufficiency of the evidence claim, this Court does not reweigh the evidence or judge the credibility of the witnesses. *Bond v. State*, 925 N.E.2d 773, 781 (Ind. Ct. App. 2010), *reh'g denied*, *trans. denied*. We consider only the evidence most favorable to the judgment and the reasonable inferences drawn therefrom and affirm if the evidence and those inferences constitute substantial evidence of probative value to support the judgment. *Id.* Reversal is appropriate only when a reasonable trier of fact would not be able to form inferences as to each material element of the offense. *Id.*

Class A misdemeanor dealing in marijuana occurs when the defendant "(2) possesses, with intent to: . . . (C) deliver; . . . marijuana, hash oil, hashish, salvia, or a synthetic cannabinoid, pure or adulterated . . . ." Ind. Code § 35-48-4-10(a). Orr contends that the State failed to show that she possessed the marijuana with the intent to deliver it. Finding that the State provided sufficient evidence of Orr's possession of the marijuana and her intent to deliver it, we disagree.

5

Possession of contraband may be either actual or constructive. *Washington v. State*, 902 N.E.2d 280, 288 (Ind. Ct. App. 2009), *trans. denied*. Actual possession occurs when a person has direct physical control over the substance, *Walker v. State*, 631 N.E.2d 1, 2 (Ind. Ct. App. 1994), and that actual possession does not need to exist at the exact time as the law enforcement's discovery of the contraband, *Wilburn v. State*, 442 N.E.2d 1098, 1101 (Ind. 1982). Constructive possession, on the other hand, occurs when the defendant has both (1) the intent and (2) the capability to maintain dominion and control over the subject contraband. *Atwood v. State*, 905 N.E.2d 479, 484 (Ind. Ct. App. 2009), *trans. denied*.

Orr was driving her vehicle when the marijuana and scales were found in the center console, among other items belonging to her. Tr. p. 39-40, 55-56. Also, Orr admitted to Officer Wright that the marijuana belonged to her. *Id.* at 58. Based on this evidence, the trial court found that Orr had knowledge of the presence of the marijuana in her car, in addition to the intent and capability to maintain control of the marijuana. It was reasonable for the trial court to find that Orr constructively possessed the marijuana.

It was also reasonable for the trial court to find that Orr had the intent to deliver the marijuana. The evidence showed that a set of scales was found in the center console of Orr's car with the bag of marijuana. *Id.* at 39-40. Further, Orr admitted to Officer Rauch that she did not smoke marijuana, she just sold it. *Id.* at 61-62. Based on this evidence, it was reasonable for the trial court to find that Orr had the intent to deliver the marijuana that was found in her vehicle.

This evidence is sufficient to affirm Orr's conviction for Class A misdemeanor dealing marijuana. We therefore affirm the trial court's conviction on this count.

Affirmed in part, reversed in part, and remanded.

CRONE, J., and BRADFORD, J., concur.