**STATE of Indiana, Appellant–Plaintiff,**

v.

**Christina M. EILERS, Appellee–Defendant.**

No. 90A02–9708–CR–540.

Court of Appeals of Indiana.

July 28, 1998.

Jeffrey A. Modisett, Attorney General, Geoff Davis, Deputy Attorney General, Indianapolis, for Appellant–Plaintiff.

David A. Feeback, Edris, Brown, Johnson & Feeback, Bluffton, for Appellee–Defendant.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Plaintiff–Appellant State of Indiana appeals the trial court's grant of Defendant–Appellee Christina M. Eilers's (Eilers) motion to suppress evidence.

We affirm.

### ISSUE

The State presents two issues for our review; however, we find the following issue dispositive: Whether the trial court correctly determined that the evidence was the product of an illegal stop pursuant to Ind.Code 9–19–10–3.

### FACTS AND PROCEDURAL HISTORY

On March 14, 1996, Officer James Womack of the Ossian Police Department was working on "seat belt patrol." When Officer Womack saw Eilers drive by him without her seat belt on he pulled her over. After verifying her driver's license and license plate, Officer Womack arrested Eilers for driving with a suspended license, possessing a false or fictitious registration, failing to wear a seat belt, and possessing stolen property.

Eilers was charged on March 15, 1996, of driving with a suspended license, driving with a false and fictitious registration, and driving without a seat belt. On August 8, 1996, Eilers filed a motion to suppress evidence which was denied pursuant to a hearing. Eilers then renewed her motion and another hearing was held at which Eilers offered the testimony of State Representative Jeffrey Espich over the State's objection. The trial court admitted Espich's testimony and then granted Eilers's motion to suppress. The State then brought this interlocutory appeal. Additional facts will be provided as needed.

### DISCUSSION AND DECISION

Eilers contends, and the trial court agreed, that she was stopped illegally by Officer Womack and, therefore, the evidence obtained as a result of that stop should be suppressed. She claims the stop was illegal because it was in contravention of Ind.Code 9–19–10–3. The statute reads as follows: "A person may not be stopped, inspected, or detained solely to determine compliance with this chapter." Ind.Code 9–19–10–3.[1] The State questions whether the court erred in granting Eilers's motion to suppress evidence; the State's argument is two fold: 1) whether testimony of Espich was improperly admitted at the hearing, and 2) whether the trial court's interpretation of Ind.Code 9–19–10–3 is in error. Because we base this ruling solely on statutory interpretation, we do not need to address the issue of Espich's testimony.

When interpreting a statute the words and phrases in a statute are to be given their plain, ordinary, and usual meaning unless a contrary purpose is clearly shown by the statute itself. *Saurer v. Bd. of Zoning Appeals*, 629 N.E.2d 893, 897 (Ind. Ct.App.1994). Additionally, statutes relating to the same subject matter should be construed together in order to produce a harmonious statutory scheme. *Wilburn v. State*,

---

1. Effective July 1, 1998, Ind.Code 9–19–10–3 was amended to read: "A vehicle may be stopped to determine compliance with this chapter. However, a vehicle, the contents of a vehicle, the driver of a vehicle, or a passenger in a vehicle may not be inspected, searched, or detained solely because of a violation of this chapter." This amendment comes pursuant to P.L. 116–1998, approved March 13, 1998.

671 N.E.2d 143, 147 (Ind.Ct.App.1996), *trans. denied.* Although it is true that we must look to legislative intent when construing a statute with ambiguous language, "[i]f the language of a statute is clear and unambiguous it is not subject to judicial interpretation." *Town of Merrillville v. Merrillville Conservancy Dist.,* 649 N.E.2d 645, 649 (Ind. Ct.App.1995), *reh'g denied, trans. denied.* The language of the statute here is clear and unambiguous, therefore we do not need to look beyond the statute for legislative intent.

 Again, the statute at issue reads: "A person may not be stopped, inspected, or detained solely to determine compliance with this chapter." Ind.Code 9–19–10–3. The parties debate whether Officer Womack's actions constitute an "inspection." Undefined words in a statute are given their plain, ordinary and usual meaning. Ind.Code 1–1–4–1(c); *State v. D.M.Z.,* 674 N.E.2d 585, 588 (Ind.Ct.App.1996), *trans. denied.* In determining the plain and ordinary meaning of a statutory term, courts may use English language dictionaries as well as consider the relationship with other words and phrases. *D.M.Z.,* 674 N.E.2d at 588.

The parties agree on the definition of inspect as "to view closely and critically; examine with care; scrutinize; or make an examination." Appellant's Brief at 8; Appellee's Brief at 5. Officer Womack testified that his primary objective at the time he stopped Eilers was to check specifically for seat belt violations. (R. 108, 111). He did this by observing passing cars from thirty to forty feet. (R. 111). Watching for and then pulling over a passing driver who is not wearing a seat belt is clearly an inspection solely to determine compliance with Indiana's seat belt law, found at Ind.Code 9–19–10–2, and in violation of Ind.Code 9–19–10–3.[2]

We hold that Eilers was stopped in violation of Ind.Code 9–19–10–3. Therefore, the trial court did not err in granting Eilers's motion to suppress.

---

**2.** The State contends that Officer Womack simply observed the violation and then pulled Eilers over and did not pull her over to look for the violation. We find this argument without merit

## CONCLUSION

The trial court did not err in granting Eilers's motion to suppress evidence attained pursuant to the illegal stop for failing to wear a seat belt.

Affirmed.

NAJAM and BAILEY, JJ., concur.

in that he would have to inspect the car, even while passing, to determine that she was indeed violating Ind.Code 9–19–10–2.