Thomas R. KANACH, Appellant–
Respondent,

v.

Laura L. (Kanach) ROGERS,
Appellee–Petitioner.

No. 32A01–0005–CV–160.

Court of Appeals of Indiana.

Jan. 22, 2001.

Stephen B. Caplin, Caplin, Park, Tousley & McCoy, Indianapolis, IN, Attorney for Appellant.

Ann G. Davis, Holder, Davis and Smith, Lafayette, IN, Attorney for Appellee.

## OPINION

MATTINGLY, Judge.

Thomas Kanach (Father) appeals an order modifying the joint custody he and Laura Rogers (Mother) shared of their minor child. Father asserts on appeal that the trial court did not make an adequate finding there was a substantial change in the statutory factors the court was to consider in modifying a custody order; that it improperly denied his motion to seal a mediator's report; and that it improperly ordered a custody investigation before hearing evidence.

We affirm.

## FACTS AND PROCEDURAL HISTORY

■ The facts most favorable to the judgment [1] are that in 1992, one child was born of Mother's and Father's marriage. The marriage was dissolved in 1996, and the dissolution decree provided that Mother and Father would have joint custody of the child with Mother having primary physical custody during the school year and Father having primary physical custody during the summer. In 1999, both parents filed petitions to modify custody. The court ordered the parties to participate in an evaluation process at the Family Negotiation Center, after which evaluation a therapist from the center submitted a report that recommended the custody arrangement not be changed. The court also heard evidence that the joint custody arrangement was not workable, that Father had been uncooperative with regard to visitation and the child's educational arrangements, and that Father had neglected the child's health on occasion. The court awarded legal custody to Mother.

## DISCUSSION AND DECISION

### Standard of Review

■ We note that the record does not reflect that either party asked the trial court to enter findings under Indiana Trial Rule 52. Nevertheless, the trial court entered a number of findings *sua sponte* as authorized by the Rule. When a general judgment is entered with findings, we will affirm it if it can be sustained on any legal theory supported by the evidence. *Yanoff v. Muncy*, 688 N.E.2d 1259, 1262 (Ind. 1997). Findings will be set aside only if

1. We remind Father's counsel that a Statement of Facts should be a concise narrative of the facts stated in a light most favorable to the judgment, and should not be argumentative. *County Line Towing, Inc. v. Cincinnati Ins.* *Co.*, 714 N.E.2d 285, 289 (Ind.Ct.App.1999), *trans. denied* 735 N.E.2d 219 (Ind.2000). The Statement of Facts Father's counsel offers us is, by contrast, a transparent attempt to discredit the judgment.

they are clearly erroneous. *Id.* A finding is clearly erroneous only if the record contains no facts to support it either directly or by inference, and a judgment is clearly erroneous if it applies the wrong legal standard to properly found facts. *Id.* Superfluous findings, even if erroneous, cannot provide a basis for reversible error. *Mullin v. Mullin,* 634 N.E.2d 1340, 1341–42 (Ind.Ct.App.1994).

### 1. *Finding of "Substantial Change"*

■■■ A court may not modify a child custody order unless "(1) the modification is in the best interests of the child; and (2) there is a substantial change in one (1) or more of the factors a court may consider under [Ind.Code § 31–17–2–8 when it originally determines custody]." Ind.Code § 31–17–2–21. Section 21 requires a court to "consider the factors listed under section 8 of this chapter," but in ordering a modification of child custody a trial court is not, absent a request by a party, required to make special findings regarding the continuing and substantial changes in the parties' circumstances.[2] *Clark v. Clark,* 404 N.E.2d 23, 35 (Ind.Ct.App. 1980).

The trial court found "pursuant to I.C. 31–17–2–21 that there has been a substantial change which justifies modification of the existing order because the joint custody arrangement is no longer in the best interests of the minor child." (R. at 68.) So, while the court explicitly found there had been a "substantial change," it did not specify which statutory factor had changed.

Father acknowledges our decisions holding a trial court need not make special findings regarding the changed circumstances that support a custody modification. However, he argues a change in the language of the statute subsequent to those decisions has the effect of requiring

that the court enter findings specifying which factors have changed. We disagree.

Prior to 1997, Indiana Code § 31–1–11.5–22(d) provided that a trial court could modify child custody "only upon a *showing* of changed circumstances so substantial and continuing as to make the existing custody order unreasonable." (Emphasis supplied.) We have interpreted the language of the current statute to require "that in addition to finding a substantial change in one of the factors, the trial court *may not* modify a child custody order unless the modification is. in the best interests of the child, *and* that in making its determination, the court *shall* consider the factors listed under section 8. . . ." *Mundon v. Mundon,* 703 N.E.2d 1130, 1135 (Ind.Ct.App.1999) (emphasis in original).

■■■ While we have interpreted the language of Ind.Code § 31–17–2–21 to require the court to find there has been a substantial change in one or more of the statutory factors, neither the plain language of the statute nor our statement in *Mundon* requires the trial court to specify which factor or factors has substantially changed. Rather, the court must "consider" the statutory factors and find there has been a substantial change. Had our legislature intended to require trial courts to enumerate specifically in their orders those individual factors, it presumably would have articulated that requirement; we decline to engraft onto the statute a requirement the legislature did not articulate. The record reflects the trial court considered the statutory factors, and the court's order includes the required finding of a substantial change. We find no error.

### 2. *The Motion to Seal*

■■■ Father next argues the trial court erred when it denied his "Motion for the Court to Seal the Report of Mediator," as the report did not comply with the Indiana Alternative Dispute Resolution Rules. Because the parties were not engaged in

---

**2.** When *Clark* was decided custody modification orders were governed by Indiana Code § 31–1–11.5–22(d). However, the *Clark* decision did not address the language of that section, which required a "showing" of changed circumstances.

"mediation" governed by the A.D.R. rules, we find no error.

▆ This court reviews a trial court's decision to admit or exclude evidence for an abuse of discretion. We will reverse such an exercise of discretion only when the decision is clearly against the logic and effect of the facts and the circumstances. *Richardson v. Calderon*, 713 N.E.2d 856, 860 (Ind.Ct.App.1999), *trans. denied* 735 N.E.2d 221 (Ind.2000).

The "mediation" to which Father refers on appeal appears to involve the parties' participation in a program offered by the Family Negotiation Center ("FNC"). The trial court ordered the parties to contact the FNC "for assessment and to participate in all programs suggested by the [FNC]." (R. at 22.) The result of the parties' participation in the program was summarized in a report by Susan Vogelgesang, a Family Therapist.[3]

One of the listed purposes for which a party might be referred to the FNC is "Mediation–Resolution of marital/family disputes." However, the referral form indicates the parties here were referred not for "Mediation" but rather for "Custody Evaluation–Modification." *Id.* While Mother and Father referred at various points in this litigation to their participation in the program as "mediation," the trial court noted during one hearing that "the FNC program has been repeatedly referred to a mediation here, for the record I just want to clear up that it's not legal mediation ... everybody keeps saying mediation and that is not technically in the legal sense what this was." *Id.* at 265. Father does not direct us to any evidence in the record that Vogelgesang was a registered "mediator" as defined by the A.D.R. rules, *see* A.D.R. 2.3 and 2.5; furthermore, various procedures and schedules required by the A.D.R. rules were not followed, or even mentioned, in the proceedings below. We must decline to adopt Father's apparent position that the A.D.R. rules are necessarily implicated by a par-

ty's use of the word "mediation," and we accordingly find no abuse of discretion in the trial court's decision not to seal the report.

### 3. *Custody Evaluation Order*

▆ Finally, Father argues that even if the report was not the product of "mediation" and thus not in compliance with the A.D.R. rules, it should have been sealed because it did not comply with Indiana Code § 31–17–2–12. That section provides that in custody proceedings, *"after evidence is submitted upon the petition,* if a parent or the child's custodian so requests, the court may order an investigation and report concerning custodial arrangements for the child." (Emphasis supplied.) Because the report was ordered before evidence had been submitted, Father argues, the report should have been sealed.

Father does not direct us to evidence in the record indicating the report was ordered pursuant to this statute, nor does he explain why this family therapist's report constitutes an "investigation ... concerning custodial arrangements." We believe this report is more accurately characterized as "advice of professional personnel" that the court may seek at any time pursuant to Indiana Code § 31–17–2–10. We therefore cannot say the trial court erred in declining to seal the report on the ground it was ordered before evidence had been received.

### Conclusion

The trial court's custody modification order adequately found there had been a substantial change justifying modification of custody, and the court did not abuse its discretion in declining to seal the family therapist's report. Its order is affirmed.

FRIEDLANDER, and BAILEY, JJ., concur.

---

**3.** The report was not included in the trial record, and Father petitioned this court to file the report as a supplement to the record. We grant the petition.