**Michael E. BARGER, Appellant,**

v.

**Cheryl Barger PATE, Appellee.**

No. 27A02–0412–CV–1084.

Court of Appeals of Indiana.

July 25, 2005.

Jason A. Childers, Allen Wellman McNew, Greenfield, for Appellant.

Gregory L. Hege, Ryan & Payne, Marion, for Appellee.

**OPINION**

BAILEY, Judge.

### Case Summary

Michael E. Barger ("Father") appeals the involuntary dismissal of his petition for child custody modification, upon motion by Cheryl Barger Pate ("Mother"). Father also appeals an order imposing a restriction upon his parenting time, awarding Mother attorney fees, and permitting Mother to name a temporary custodian for their child in the event of Mother's incapacity. We affirm in part and reverse in part.

## Issues

Father presents four issues for review, which we reorder and restate as the following:

I. Whether the trial court clearly erred by granting Mother's motion for involuntary dismissal of the custody modification petition;

II. Whether the parenting time restriction is clearly erroneous because it contravenes statutory authority;

III. Whether the temporary custodian order is clearly erroneous because it contravenes statutory authority; and

IV. Whether the award of attorney fees to Mother is an abuse of discretion.

## Facts and Procedural History

Father and Mother were divorced on December 3, 1996. They agreed that Mother would have physical custody of their two children, T.B. and J.B. The parties were to share joint legal custody. On February 16, 2001, Father petitioned to modify the custody of both children. Father moved to dismiss his petition on November 27, 2002.

On May 7, 2003, Father petitioned for custody of T.B., then a teenager. T.B. had been admitted to a juvenile facility after physically accosting Mother. On August 7, 2003, Mother joined in Father's petition to transfer custody of T.B. to Father. She further petitioned for the termination of Father's joint legal custody of J.B. On December 3, 2003, Father petitioned for physical custody of J.B. Hearings were held on the custody modification petition on April 8, April 22, April 30, June 24 and September 2 of 2004. At the conclusion of the hearing held on June 24, 2004, Mother filed an Indiana Trial Rule 41 motion for involuntary dismissal and request for attorney fees. She renewed her motion at the conclusion of the September 2, 2004

hearing. On November 24, 2004, the trial court dismissed Father's custody modification petition and entered an order concerning parenting time, attorney fees and temporary custodian appointment. Pursuant to Father's request, the trial court entered special findings of fact and conclusions of law. Father now appeals.

## Discussion and Decision

### I. Trial Rule 41 Dismissal

█ At the conclusion of Father's case-in-chief, Mother moved for the involuntary dismissal of Father's custody modification claim. Motions for involuntary dismissal are governed by Indiana Trial Rule 41(B), which provides in pertinent part:

> After the plaintiff or party with the burden of proof upon an issue, in an action tried by the court without a jury, has completed the presentation of his evidence thereon, the opposing party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the weight of the evidence and the law there has been shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence.

Pursuant to the foregoing rule, a trial court may weigh the evidence, determine the credibility of witnesses and decide whether the party with the burden of proof has established a right to relief during the case-in-chief. *Harco, Inc. of Indianapolis v. Plainfield Interstate Family Dining Associates*, 758 N.E.2d 931, 938 (Ind.Ct.App. 2001).

█ Upon review of the grant of a Trial Rule 41 involuntary dismissal, we must determine whether the court's judgment is clearly erroneous. *TMC Transp., Inc. v. Maslanka*, 744 N.E.2d 1052, 1054 (Ind.Ct.App.2001), *trans. de-*

*nied.* Additionally, Father is appealing from a decision in which the trial court entered special findings of fact and conclusions pursuant to his request. *See* Ind. Trial Rule 52(A). Thus, we must first determine whether the evidence supports the findings and second, whether the findings support the judgment. *Williamson v. Williamson,* 714 N.E.2d 1270, 1273 (Ind.Ct.App.1999), *trans. denied.* We will not set aside the findings or the judgment unless they are clearly erroneous. *Id.* The trial court's findings of fact are clearly erroneous if the record lacks any evidence or reasonable inferences to support them. *Id.* A judgment is clearly erroneous when it is unsupported by the findings of fact and the conclusions relying on those findings. *Id.*

Indiana Code Section 31–17–2–21 governs the modification of a child custody decree, and provides in pertinent part:

(a) The court may not modify a child custody order unless:

(1) the modification is in the best interests of the child; and

(2) there is a substantial change in one (1) or more of the factors that the court may consider under section 8 and, if applicable, section 8.5 of this chapter.

■ Indiana Code Section 31–17–2–8 provides that the factors relevant to a custody order are as follows:

(1) The age and sex of the child.

(2) The wishes of the child's parent or parents.

(3) The wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age.

(4) The interaction and interrelationship of the child with:

(A) the child's parent or parents;

(B) the child's sibling; and

(C) any other person who may significantly affect the child's best interests.

(5) The child's adjustment to the child's:

(A) home;

(B) school; and

(C) community.

(6) The mental and physical health of all individuals involved.

(7) Evidence of a pattern of domestic or family violence by either parent.

(8) Evidence that the child has been cared for by a de facto custodian, and if the evidence is sufficient, the court shall consider the factors described in section 8.5(b) of this chapter.

Thus, a trial court may not modify custody until it determines that a substantial change has occurred and that a modification is in the child's best interests. *Mundon v. Mundon,* 703 N.E.2d 1130, 1135 (Ind.Ct.App.1999). The party seeking the modification bears the burden of demonstrating that the existing custody order is unreasonable because, as a general proposition, stability and permanence are considered best for the child. *Haley v. Haley,* 771 N.E.2d 743, 745 (Ind.Ct.App.2002).

■ Here, the evidence suggests that Father and Mother each enjoyed a good relationship with J.B. However, the relationship between the parents was particularly acrimonious and each parent attempted to place responsibility for the lack of cooperation upon the other parent. The trial court made extensive findings of fact indicating that J.B. was well-adjusted and received appropriate care, and that Father had failed to establish a substantial change in any of the applicable statutory factors. The trial court recognized that J.B.'s time with Mother was reduced because of her college schedule, but found "this reduction was not significant" and "the overall positive effects her education may have on

[Mother]'s single-parent family far outweigh any short-term temporary restriction it may have regarding actual parent-child time." (App. 11) Additionally, the trial court found "it is more likely than not" that Father instructed J.B. that, "you don't have to listen to or respect your teacher." (App. 11) The trial court specifically concluded "it would not be in [J.B.]'s best interests to be in [Father]'s custody." (App. 14) We do not find this determination to be clearly erroneous. The findings of the trial court have evidentiary support, and the findings support the judgment. Thus, we affirm the dismissal of Father's petition to modify custody.

## II.  Parenting Time Restriction

■■■ Father also challenges the trial court's modification to his parenting time, as follows:

Should [Mother] make the custodial decision that [J.B.]'s contact with [T.B.] should be limited or restricted in any way, including no contact, the parties shall agree on an alternate method for [Father] to exercise Parenting Time with [J.B.]. Failing to so agree, [Father] shall not be entitled to Parenting Time with [J.B.] while [T.B.] is present. This deviation in Parenting Time Guidelines is based upon the testimony of the parties regarding [T.B.]'s behavior and emotional problems, the resulting breakdown in her relationship with her mother and the Court's conclusion that [Mother] has the right to determine whether such contact will have a negative effect on [J.B.]'s physical health or safety, or significantly impair his emotional development.

(App. 16) Restriction of parenting time is governed by Indiana Code Section 31–17–4–2, which provides as follows:

The court may modify an order granting or denying visitation rights whenever modification would serve the best interests of the child. However, the court shall not restrict a parent's visitation rights unless the court finds that the visitation might endanger the child's physical health or significantly impair the child's emotional development.

When interpreting a statute the words and phrases are to be given their plain, ordinary, and usual meaning unless a contrary purpose is clearly shown by the statute itself. *State v. Eilers,* 697 N.E.2d 969, 970 (Ind.Ct.App.1998). Here, the statutory language is clear and unambiguous. Parenting time may not be restricted absent a finding by the *court* that the interaction might endanger the child's health or significantly impair his or her emotional development. Nevertheless, the trial court placed responsibility for the determination of potential harm solely with Mother, in contravention of the foregoing statute. Moreover, the provision could be invoked to go beyond restricting Father's parenting time with J.B., to cause total forfeiture of that time if Father failed to agree with Mother as to (1) the advisability of sibling contact and (2) an appropriate alternative for exercising parenting time. Historically, the parents have been unable to resolve parenting conflicts through out-of-court communications.

The parenting time restriction here is clearly erroneous, as it contravenes statutory authority. Further, we observe that there is a total absence of evidence that T.B. has posed a danger to J.B. either physically or emotionally. It is undisputed that T.B. and Mother were estranged, and that T.B. spent time in a juvenile facility after striking Mother. More recently, T.B. had undergone a short-term hospitalization for mental health treatment. Nevertheless, there is no evidence of record that T.B. was a threat to J.B.'s well-being. To the contrary, Melissa Bowling ("Bowl-

ing"), the family therapist, testified that the siblings were bonded and that T.B. "provided emotional support" to J.B. and acted "as a nurturer or care giver" toward J.B. (Tr. 118.) The trial court's restriction of parenting time is contrary to the facts and circumstances before it. Conferring upon Mother the prerogative to enforce the restriction at her discretion is contrary to statute. Accordingly, the parenting time restriction is reversed.

## III. Temporary Custodian Appointment

■ Father next challenges the trial court's temporary custodian order, as follows:

> Normally, should a custodial parent become deceased or become incapable of physically caring for a child, the non-custodial parent has the right to take custody. However, the Court concludes that this restriction on [Father]'s right to having Parenting Time with [J.B.] deviation is "supervised" or "restricted" Parenting Time contemplated by Indiana Code Sec. 31–17–2–11; and, that the appointment of a temporary custodian for [J.B.] is appropriate. This person or persons shall have the right to the immediate temporary custody of [J.B.] should [Mother] be deceased or no longer physically able to care for him. Within thirty (30) days from the date of this Order, [Mother] shall provide her counsel with the name or names of said temporary custodians. Her counsel shall then prepare an Order so naming said person or persons for review and approval by the Court.

(App. 16–17.) Initially, we must observe that the trial court's order for a temporary custodian was not preceded by any notice to Father that the matter was under consideration by the trial court, and the issue was not litigated by consent of the parties.

■ Indiana Code Section 31–17–2–11, the statute relied upon by the trial court, provides as follows:

> (a) If, in a proceeding for custody or modification of custody under IC 31–15, this chapter, IC 31–17–4, IC 31–17–6, or IC 31–17–7, the court:
>
> (1) requires supervision during the non-custodial parent's visitation privileges; or
>
> (2) suspends the noncustodial parent's visitation privileges;
>
> the court shall enter a conditional order naming a temporary custodian for the child.
>
> (b) A temporary custodian named by the court under this section receives temporary custody of a child upon the death of the child's custodial parent.
>
> (c) Upon the death of a custodial parent, a temporary custodian named by a court under this section may petition the court having probate jurisdiction over the estate of the child's custodial parent for an order under IC 29–3–3–6 naming the temporary custodian as the temporary guardian of the child.

As previously stated, words and phrases in a statute are to be given their plain, ordinary, and usual meaning unless a contrary purpose is clearly shown by the statute itself. *Eilers*, 697 N.E.2d at 970. Father's parenting time rights were neither "supervised" nor "suspended," as required for operation of the foregoing statute. A mere restriction does not, according to the plain language of the statute, support the appointment of a temporary custodian other than the parent. Moreover, we have already determined that the parenting time restriction in this case is contrary to law and thus clearly erroneous. The temporary custodian order is likewise contrary to law and clearly erroneous. Accordingly, we reverse the trial court's order regard-

ing the appointment of a temporary custodian.

### IV. Attorney Fees

Finally, Father challenges the award of attorney fees to Mother, as follows:

> [Mother]'s motion for attorney fees is granted. [Father] shall pay attorney Gregory Hege the sum of $7,800 within thirty (30) days from the date hereof. Payment thereafter shall accrue interest at the rate of 8% per annum. These fees are deemed to be in the nature of spousal maintenance and support.

(App. 17) According to Indiana Code Section 31–17–7–1, the court may order a party to pay a reasonable amount for the cost of the other party maintaining an action for custody modification and for attorney fees and mediation services. *Haley*, 771 N.E.2d at 753. The trial court has broad discretion in awarding attorney fees. *In re Marriage of Bartley*, 712 N.E.2d 537, 546 (Ind.Ct.App.1999). We will reverse the trial court's decision to award attorney fees only if the decision is clearly against the logic and effect of the facts and circumstances. *Id.* When determining whether an award of attorney fees is appropriate, the court may consider such factors as the resources of the parties, the relative earning ability of the parties, and other factors that bear on the reasonableness of the award. *Id.* When one party is in a superior position to pay fees over the other party, an award of attorney fees is proper. *Id.*

Here, the trial court awarded Mother attorney fees, yet Mother did not present evidence indicating that her economic circumstances differ significantly from those of Father. The child support worksheet discloses that the parties' incomes are substantially similar. Each has physical custody of one of their children. Moreover, there is no testimony or affidavit of record addressing the reasonableness of the fee amount. The award amount is apparently derived solely from Mother's petition for attorney fees, which has listed litigation events dating back to February 16, 2001, with no corresponding time expenditure as to the events. Mother did not demonstrate her entitlement to attorney fees in any amount, and did not demonstrate her entitlement to $7,800.00 in particular. As the award of attorney fees is contrary to the logic and effect of the facts and circumstances before the trial court, it is an abuse of discretion. Accordingly, it is reversed.

### Conclusion

The involuntary dismissal of Father's petition to modify custody is affirmed. To the extent that the judgment of dismissal includes orders for attorney fees, a parenting time restriction and the appointment of a temporary custodian, it is reversed.

Affirmed in part and reversed in part.

FRIEDLANDER, J., and ROBB, J., concur.