Betty **TRUELOVE,** Appellant–Petitioner,

v.

Wayne **TRUELOVE,** Jr., Appellee–Respondent,

and

Wayne Truelove, Sr. and Nora Truelove, Intervenors.

No. 17A05–0606–CV–314.

Court of Appeals of Indiana.

Oct. 18, 2006.

312

Robert J. Hardy, Thomas & Hardy, LLP, Auburn, IN, Attorney for Appellant.

Adam C. Squiller, Taylor and Squiller, P.C., Auburn, IN, Attorney for Appellee.

Suzanne Shuman Rister, Rister Law Office Co., L.P.A., Antwerp, OH, Attorney for Intervenors.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant–Petitioner Betty Truelove ("Mother") appeals an award of the custody of her two children to their paternal grandparents, Intervenors Wayne Truelove, Sr. and Nora Truelove ("Grandparents"). We affirm.

### Issue

Mother presents a single issue for review: whether the award of custody to Grandparents is supported by clear and convincing evidence that the placement is in the best interests of the Children.

### Facts and Procedural History

Mother and Appellee–Respondent Wayne Truelove, Jr. ("Father") are the parents of two children, J.T., born June 10, 2000, and C.T., born April 16, 2001 ("the Children").[1] The parents were married on October 9, 2001 and, on June 27, 2002, Mother petitioned for dissolution of the marriage. She also requested custody of the Children.

After hearing, a provisional order was entered on February 19, 2003, whereby Father was to have the physical custody of the Children and Mother was to pay $34.00 per week as child support. Father immediately placed the Children in the home of Grandparents, where he sometimes resided.

On March 4, 2005, the parties' marriage was dissolved. At Mother's request, the trial court set the matter of custody for final hearing to be conducted on October 25, 2005. On August 8, 2005, Grandparents filed a "Motion to Intervene and Petition for DeFacto Custodianship." (App.11.) At the time of the custody hearing conducted on October 25 and 26, 2005, Mother and Father were living together and the Children remained with Grandparents. Father testified that Grandparents' residence was his "primary residence" and opined that the Children should remain in this "stable" home. (Tr. 349, 356.)

On December 19, 2005, the trial court issued Findings of Fact, Conclusions of Law, and Judgment, specifically found that Grandparents had been de facto custodians of the Children, and awarded them custody. On January 17, 2006, Mother filed her motion to correct error. A hearing thereon was held on March 10, 2006. Mother argued, and the trial court agreed, that Grandparents could not be considered de facto custodians of the Children during the time Mother's petition for custody was pending, pursuant to Indiana Code Section 31–9–2–35.5.[2] The trial court issued its findings, conclusions and order on the motion to correct error, acknowledging that Grandparents were not de facto custodians, but re-iterating its conclusion in the original custody order that the presump-

---

1. Mother also has three other children.

2. Indiana Code Section 31–9–2–35.5 provides, in pertinent part, "Any period after a child custody proceeding has been commenced may not be included in determining whether the child has resided with the person for the required minimum period."

tion favoring custody in a natural parent had been overcome by clear and convincing evidence. Mother now appeals.[3]

### Discussion and Decision

#### A. Standard of Review

Child custody determinations are within the discretion of the trial court and will not be disturbed except for an abuse of discretion. *Nunn v. Nunn,* 791 N.E.2d 779, 782 (Ind.Ct.App.2003). We will not reverse unless the trial court's decision is against the logic and effect of the facts and circumstances before it or the reasonable inferences drawn therefrom. *Id.*

Additionally, Mother is appealing from a decision in which the trial court entered special findings of fact and conclusions pursuant to her request. *See* Ind. Trial Rule 52(A). Thus, we must first determine whether the evidence supports the findings and second, whether the findings support the judgment. *Barger v. Pate,* 831 N.E.2d 758, 762 (Ind.Ct.App.2005). We will not set aside the findings or the judgment unless they are clearly erroneous. *Id.* The trial court's findings of fact are clearly erroneous if the record lacks any evidence or reasonable inferences to support them. *Id.* A judgment is clearly erroneous when it is unsupported by the findings of fact and the conclusions relying on those findings. *Id.*

#### B. Analysis

Mother challenges the award of custody to Grandparents as unsupported by sufficient evidence that the placement is in the Children's best interests. More specifically, she argues that the trial court was required to find that Grandparents were de facto custodians of the Children, Mother was unfit, or Mother had long acquiesced to the Grandparents' custody of the Children. She contends that the evidence does not support any of these particular findings.

Before placing a child in the custody of a person other than the natural parent, a trial court must be satisfied by clear and convincing evidence that the best interests of the child require such a placement. *In re Guardianship of B.H.,* 770 N.E.2d 283, 287 (Ind.2002), *reh'g denied.* The presumption in favor of the natural parent will not be overcome merely because a third party could provide better things for the child. *Id.* In a proceeding to determine whether to place a child with a person other than the natural parent, evidence establishing the natural parent's unfitness or acquiescence, or demonstrating that a strong emotional bond has formed between the child and the third person, would be important, but the trial court is not limited to these criteria. *Id.* The issue is not merely the "fault" of the natural parent, but rather it is whether the important and strong presumption that a child's interests are best served by placement with the natural parent is clearly and convincingly overcome by evidence proving that the child's best interests are substantially and significantly served by placement with another person. *Id.* This determination falls within the sound discretion of our trial courts, and their judgments must be afforded deferential review. *Id.* Accordingly, the trial court was not required, as Mother insists, to make specific findings of her unfitness or her acquiescence in the Children's living arrangements.

The trial court's findings address the Children's long-term placement with Grandparents, the parents' lack of financial resources and payment of child support, and Mother's sporadic involvement in the Children's day-to-day lives. The evi-

---

**3.** Father does not challenge the award of custody to Grandparents.

dence supporting these findings is as follows. For the two and one-half years preceding the custody hearing, Grandparents had been the primary caretakers of the Children. They did not receive regular child support from either parent; Mother had paid $103.00 since the provisional order of 2003. Mother had visited the Children, but the visits were frequently cut short. Neither parent had full-time employment; Father worked part-time in waste management and Mother delivered newspapers. Mother's work history was extremely limited, and she moved frequently, sometimes to shelters. Two of her five children are currently in foster care because she could not provide them with necessities.[4] In the past, the two younger children who are the subject of this custody order had been placed in foster care for the same reason. Mother and Father had moved into Grandparents' home together on several occasions when they were homeless. The Guardian Ad Litem summarized the parents' circumstances as follows, "[they] can barely take care of themselves, let alone two children in addition to themselves." (Tr. 581)

Although the trial court appropriately refrained from labeling Mother an "unfit" parent, there is clear and convincing evidence that the Children's best interests are substantially served by placement with Grandparents.

Affirmed.

RILEY, J., and MAY, J., concur.

---

[4]. The eldest of Mother's five children is in the custody of his father, Mother's former husband or boyfriend.