## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 14 2016, 8:35 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Casey D. Cloyd | Jennifer D. Wilson Reagan |
| Indianapolis, Indiana | Wilson & Wilson |
| | Greenwood, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Angel Hill, | September 14, 2016 |
| *Appellant-Respondent,* | Court of Appeals Case No. 41A01-1510-DR-1730 |
| v. | Appeal from the Johnson Circuit Court |
| Bradley S. Bergman, | The Honorable Michael R. Auger, Judge pro tem |
| *Appellee-Petitioner.* | Trial Court Cause No. 41C01-0407-DR-266 |

**Pyle, Judge.**

## Statement of the Case

[1] Angel Hill ("Mother") appeals the trial court's order granting her former husband, Bradley S. Bergman's ("Father"), motion to modify custody of their

two minor children. On appeal, she argues that the trial court erred when it modified custody in favor of Father because the evidence did not support its findings, and the findings did not support its conclusion that there had been a substantial change in the parents' circumstances. Because we conclude that the evidence did support the trial court's findings, and its findings did support its conclusion, we affirm.

## Issue

Whether the trial court erred when it granted Father's motion to modify custody of his minor children.

## Facts

Mother and Father (collectively, "the parents") married and had two children together—S.B., born in July 1998, and B.B., born in December 2002 (collectively, "the children"). On June 17, 2004, the parents dissolved their marriage and agreed that Mother would have primary physical custody of the two minor children.

Over ten years later, on March 5, 2014, Mother, filed a pro se notice of her intent to relocate with the children from Whiteland, Indiana to Florida. At that point, S.B. was fifteen years old and B.B. was eleven years old. Father objected to the relocation, and the two entered into mediation. Through mediation, they resolved the issue and filed a mediated agreed entry ("Agreed Entry") with the trial court on July 25, 2014. The trial court approved the Agreed Entry on August 20, 2014. In the Agreed Entry, Mother agreed that she would not file any further relocation requests before S.B. graduated from high school. This

condition was dependent upon whether Mother or her significant other were able to find any employment without relocating. Mother and Father also agreed that they would "evenly divide all school expenses, including, but not limited to, book fees and school clothing." (App. 21).

[4] In spite of her agreement that she would not relocate, Mother moved to Franklin, Indiana within two weeks of entering into the Agreed Entry and failed to notify Father of the relocation. She lived there until November 2014. While in Franklin, Mother enrolled B.B. in a Franklin public school and placed S.B. in an online school. For at least a week during the school semester, S.B. had to live with Mother's friend because she did not have adequate internet access at home for her online school. She also failed five out of her seven classes that semester.

[5] In November 2014, Mother moved with the children to Martinsville, Indiana, again failing to notify Father of the move. Father discovered that Mother had moved with the children through Facebook. In Martinsville, Mother enrolled both of the children in public schools, and S.B. began to get better grades in her classes again. She received "'As' and 'Bs'" and B.B. received "'Cs and Ds.'" (Tr. 26).

[6] On December 26, 2014, Father filed a motion to modify custody, parenting time, and support ("custody motion"), as well as a request for a mediation referral order. The trial court issued the referral for mediation, and the parents entered into mediation again to discuss the matters Father had raised in his

custody motion. This time, though, they could not resolve their disagreements through mediation. As a result, the trial court held a hearing on Father's custody motion on September 1, 2015.

[7]     At the custody modification hearing, Father testified to the above facts, including that Mother had relocated twice without notifying him. He also submitted evidence that he had spent $354.60 on school supplies for the children. He testified that Mother had not paid for half of the school supplies as required by the Agreed Entry.

[8]     Also at the hearing, Father testified that he had been in Mother's apartment the previous Sunday and had observed that "[i]t was dirty and there [were] stains on the floor and dirty clothes on the furniture." (Tr. 12). He also said that it "smelled like dog." (Tr. 12). In contrast, he testified that he lived with his mother, whose house was "immaculate." (Tr. 13). He said that the children had a room that they shared there.

[9]     Finally, Father also testified that Mother had been posting pictures and statements on Facebook that he believed were inappropriate because Mother was friends on Facebook with S.B., who was only seventeen years old at that point. He introduced two pictures from Mother's Facebook profile as evidence. In one picture, Mother appeared to be in a sex shop with her sister, making lewd gestures with the merchandise. In another, Mother was "modeling a bikini." (Tr. 17).

[10]     Mother appeared pro se at the hearing. She testified that she had failed to provide Father with notice of her relocations to Franklin and Martinsville because she thought she was only required to give him notice if she moved to Florida. She said that, even though she had not filed legal notice of her relocation, she had orally informed Father of the move, and he had not missed any of his parenting time as a result.

[11]     At the conclusion of the hearing, the trial court took the matter under advisement. Then, on September 24, 2015, the trial court granted Father's custody motion and awarded him primary physical custody. In its order, the trial court found that there had been "a substantial and continuing change in circumstances warranting a modification of [its] orders regarding custody." (App. 13). Specifically, it noted that Mother had relocated twice after she had agreed not to do so and had failed both times to provide Father with notice of the relocation. The court also found that:

> Additionally, the evidence presented at the hearing on Father's petition further revealed the general pattern of instability in Mother's life. On the contrary, the evidence established that Father consistently resided in the same residence, that the children had their own room at Father's house, that Father had the children consistently nearly every weekend as well as nearly all summer.

(App. 13). Based on these factors, the trial court concluded that it was in the children's best interests that Father be awarded primary physical custody and that Mother be awarded parenting time in accordance with the Indiana Parenting Time Guidelines. Mother now appeals.

# Decision

[12] Mother argues that the trial court erred in modifying custody of the children. Specifically, she contends that: (1) there was no evidence that the trial court considered the statutory factors it was required to consider prior to modifying custody; (2) there was no evidence that her actions had a negative impact on the children; and (3) the findings of fact that the trial court cited in support of its conclusion that custody should be modified were isolated instances of misconduct, which may not support a modification of custody. We will address each of these arguments in turn.

[13] Under INDIANA CODE § 31-17-2-21, a trial court may not modify a child custody order unless:

> (1) the modification is in the best interests of the child; and
>
> (2) there is a substantial change in one (1) or more of the factors that the court may consider . . . .

The relevant factors the court may consider in making its determination are:

> (1) The age and sex of the child.
>
> (2) The wishes of the child's parent or parents.
>
> (3) The wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age.
>
> (4) The interaction and interrelationship of the child with:
>
> > (A) the child's parent or parents;
> >
> > (B) the child's sibling; and
> >
> > (C) any other person who may significantly affect the

child's best interests.

(5) The child's adjustment to the child's:

    (A) home;

    (B) school; and

    (C) community.

(6) The mental and physical health of all individuals involved.

(7) Evidence of a pattern of domestic or family violence by either parent.

(8) Evidence that a child has been cared for by a de facto custodian . . . .

I.C. § 31-17-2-8.

[14] Where, as here, the trial court entered findings of fact and conclusions of law, we apply a two-tiered standard of review.[1] *Heagy v. Kean*, 864 N.E.2d 383, 388 (Ind. Ct. App. 2007), *trans. denied.* We first determine whether the evidence supports the trial court's findings of fact and then determine whether the findings support the conclusions and judgment. *Id.* We may reverse the judgment only if there is no evidence to support the findings or no findings to support the judgment. *Id.* When conducting our review, we neither reweigh the evidence nor reassess the credibility of the witnesses. *Id.* In addition, we

---

[1] Notably, Father did not include this standard of review in his Appellee's Brief. We remind Father's attorney that, pursuant to Appellate Rule (A)(8), the argument for each party must include, "for each issue, a concise statement of the applicable standard of review[.]"

view the evidence and inferences therefrom in the light most favorable to the judgment. *Id.*

[15] Mother first argues that the trial court erred in modifying custody because there was no evidence that the court considered the statutory factors listed in INDIANA CODE § 31-17-2-8. However, we addressed the same issue in *Kanach v. Rogers*, 742 N.E.2d 987, 989 (Ind. Ct. App. 2001), and held that, while a trial court must consider the statutory factors and find that there has been a substantial change, it need not enumerate the factors or specify which of the factors has substantially changed. Here, there was evidence that the trial court considered at least one of the factors—the children's adjustment to their home—because it found that Mother had relocated twice even though she had agreed not to do so in the Agreed Entry. The trial court also found that Mother's housing was generally unstable compared to Father's. Accordingly, we do not find it dispositive that the trial court did not explicitly cite to INDIANA CODE § 31-17-2-8.

[16] Next, Mother contends that there was no evidence that any of her actions had a negative impact on the children. However, she does not cite any authority for her proposition that a custody order must have a negative impact on a child before the trial court may modify the custody arrangement. To the contrary, our standard is to determine what is in "best interests of the child[ren]." I.C. § 31-17-2-21. This standard applies even in cases where neither parent has had a negative impact on his or her children. *See id.*

[17] Finally, Mother asserts that the trial court improperly modified custody because her actions constituted only "isolated instances of misconduct." (Mother's Br. 14). As evidence that her misconduct was "isolated," she notes that she moved the children only twice, that S.B.'s grades had improved in her new Martinsville public school prior to the hearing, and that Father's testimony that her house was not clean was based on only one visit to her house. She cites to *Wallin v. Wallin*, 668 N.E.2d 259, 261 (Ind. Ct. App. 1996), in support of her argument that such acts were improper to support a custody modification. There, we held that a noncustodial parent must show more than isolated acts of misconduct by the custodial parent to warrant a modification of custody. *Id.*

[18] Here, however, Father has shown more than isolated acts of misconduct. We conclude that Mother's argument is merely an invitation to reweigh the evidence, which we will not do. *Heagy*, 864 N.E.2d at 388. The trial court specifically found that her conduct "revealed the general pattern of instability," (App. 13), and it is not our place to re-characterize the evidence. *See id.* Accordingly, we affirm the trial court's order granting Father's motion to modify custody.

[19] Affirmed.

Kirsch, J., and Riley, J., concur.